UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA M. P.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-5900-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB).  Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1969, has a GED, and has worked as an assistant and performing clerical work.  AR 55, 294, 312.  Plaintiff was last gainfully employed in 2007.  *See* AR 59, 288.

On November 20, 2020, Plaintiff applied for benefits, alleging disability as of September 1, 2007.  AR 264-73, 277-78.  Her applications were denied initially and on reconsideration, and she requested a hearing.  *See* AR 17.  The ALJ conducted a hearing on November 19, 2024.  AR

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

50-92.  In a decision dated February 28, 2025, the ALJ noted Plaintiff had previously been found to be not disabled in a decision dated January 8, 2020, and found the period under review began on January 9, 2020.  AR 17-18.  The ALJ declined an implied request to reopen and revise the prior decision through the assertion of an alleged onset date prior to January 8, 2020, and found, for purposes of considering Plaintiff's DIB claim, that the record did not establish a severe impairment prior to the December 2012 date last insured (DLI).  *Id*.  The ALJ issued a partially favorable decision, finding Plaintiff not disabled from January 9, 2020, through February 23, 2024, but disabled beginning on February 24, 2024, the date her age category changed.  AR 17-41.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**:  Plaintiff did not engage in substantial gainful activity after the alleged onset date.

**Step two**:  Plaintiff has the following severe impairments:  obesity, hypothyroid, headaches, hypertension, osteoarthritis, bursitis, spondylosis, fibromyalgia.

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity (RFC)**:  Plaintiff can perform light work that does not require more than occasional crouching, crawling, or climbing of ladders, ropes, or scaffolds; more than frequent balancing, stooping, or climbing of ramps and stairs; or concentrated exposure to vibration, pulmonary irritants, or hazards; and that occurs in a moderate or quieter noise environment or routinely allows the worker to wear hearing protection that reduces the noise level to moderate.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  Prior to February 24, 2024, as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.  Beginning on February 24, 2024, the date her age category changed, there are no jobs existing in

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

significant numbers in the national economy that Plaintiff can perform, and Plaintiff therefore became disabled on that date.

AR 17-41.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR 1-5.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. 1.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 3.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred in improperly applying res judicata, assessing her symptom testimony, and assessing medical opinion evidence. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Did Not Err in Applying Res Judicata

Plaintiff argues the ALJ improperly applied res judicata under *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988), and Acquiescence Ruling (AR) 97-4(9) in relation to Plaintiff's RFC. The Court, for the reasons set forth below, finds no error.

In *Chavez*, the Ninth Circuit "observed that principles of res judicata apply to administrative decisions regarding disability and impose an obligation on the claimant, in instances where a prior ALJ has made a finding of non-disability, to come forward with evidence of 'changed circumstances' in order to overcome a presumption of continuing non-disability." *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173 (9th Cir. 2008) (quoting *Chavez*, 844 F.2d at 693). The Court "also explained that a previous ALJ's findings concerning [RFC], education, and work experience are entitled to some res judicata consideration and such findings cannot be reconsidered by a subsequent judge absent new information not presented to the first judge." *Id*. As set forth in AR 97-4(9):

> [An ALJ] must adopt such a finding from the final decision on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law, regulations or rulings affecting the finding or the method for arriving at the finding.

AR 97-4(9), 1997 WL 742758 at *3.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

Plaintiff argues the ALJ here erred by increasing the RFC – from the prior ALJ finding that Plaintiff could "stand/walk for up to four hours total in an 8-hour workday[,]" AR 139, to the current ALJ finding of an ability to stand/walk up to six hours a day, *see* AR 26 (citing 20 C.F.R. 416.967(b)) – without identifying and explaining the finding of medical improvement that supported the change. *See, e.g., Guerrero v. Kijakazi*, No. C20-1766, 2022 WL 1811219, at *7-9 (E.D. Cal. June 2, 2022) (finding erroneous a second ALJ's assertion that "new and material" medical evidence justified an RFC for light work, despite first ALJ's RFC for sedentary work, where ALJ failed to "identify any evidence—much less **substantial** evidence—of medical improvement").[3] She asserts that the fact the ALJ found additional severe impairments, including obesity, hyperthyroid, osteoarthritis, and spondylosis, *compare* AR 23, *with* AR 137, suggests a worsening in her overall functional capacity.

The ALJ here acknowledged the prior, 2020 ALJ decision finding Plaintiff not disabled, discussed the requirements of *Chavez* and AR 97-4(9), and found the presumption of continuing nondisability had been rebutted by "additional severe impairments, a change in law affecting certain sections of the Listing of Impairments, a *change in functioning*, and ultimately a change in age, affecting findings related to Steps 2, 3, 3.5, and 5 of the sequential analysis." AR 17-18 (emphasis added). Subsequently, in addressing Plaintiff's RFC, the ALJ explained that the assessed limitation to light work, with postural and environmental limitations, was consistent

---

[3] Plaintiff cites two other cases from the same district court citing *Guerrero* and reaching the same conclusion. *See Balcazar v. Comm'r of Soc. Sec.*, No. C24-0305, 2024 WL 3637967, at *7 (E.D. Cal. Aug. 2, 2024) (ALJ "failed to provide a sufficient explanation as to why the ALJ declined to give res judicata effect to the 2015 upper-extremity limitations."); *Young v. Kijakazi*, No. C21-0654, 2023 WL 144222, at *7-9 (E.D. Cal. Jan. 10, 2023) (ALJ's conclusion that new and material evidence showed changed circumstances providing for an increase in an RFC from sedentary to light work was not supported by substantial evidence). She also cites a decision from a different district court that likewise cites to *Guerrero*, but concludes the ALJ "satisfied *Chavez's* requirement by explaining how medical improvement justified a less restrictive mental RFC[.]" *Angelo D. B. v. King*, No. C24-1096, 2025 WL 346931, at *2-4 (C.D. Cal. Jan. 30, 2025).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

with Plaintiff's fibromyalgia and bursitis impairments, which reasonably caused pain that limited her functioning in those areas, with further effect on her stamina caused by hypothyroidism, obesity, and hypertension.  AR 30.  However, the ALJ found "no greater exertional limitations are established in the treatment record because, with few exceptions clinical exams revealed normal gait, strength, and range of motion[,]" and "periods when the claimant's gait was affected were discrete and short in duration."  *Id*.  The ALJ thereafter provided an extensive discussion of the medical evidence of record supporting his conclusion, *see* AR 30-32, and addressed the medical opinions of record, including the new, 2022 opinion of consultative examiner Dr. Shirley Deem finding Plaintiff "able to perform the demands of light work[,]" AR 33 (citing AR 1152 (assessing, *inter alia*, a maximum standing/walking capacity of about six hours in an eight-hour workday)).  The ALJ found Dr. Deem's opinion generally persuasive, as it was supported by both her own clinical findings and consistent with the record as a whole, but found greater postural and environmental limitations warranted.  AR 33.

In sum, the ALJ explicitly found the presumption of continuing nondisability had been rebutted by a change in Plaintiff's functioning, and identified substantial evidence support for that finding, including new and material evidence which included a medical opinion finding Plaintiff able to stand/walk for up to six hours in an eight-hour workday.  Plaintiff, as such, does not demonstrate that the ALJ improperly applied res judicata under *Chavez* and AR 97-4(9).  Nor does Plaintiff challenge the ALJ's assessment of Dr. Deem's opinion, or show that a more restrictive RFC was warranted simply because of newly identified severe impairments at step two.  *See generally Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (explaining that step two "is merely a threshold determination meant to screen out weak claims[,]" and "is not

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

meant to identify the impairments that should be taken into account when determining the RFC.").  Plaintiff therefore does not establish error in the ALJ's application of res judicata.

**B.      The ALJ Did Not Err in Assessing Symptom Testimony**

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony.  *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  An ALJ is not required to believe every allegation, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), nor to analyze the claimant's testimony line by line, *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ here found inconsistencies undermined the weight that could be given to Plaintiff's symptom reports, pointing to both inconsistency between Plaintiff's testimony as to the degree of her limitations and the medical evidence of record, and to evidence of the relief she received from treatment.  *See* AR 28-31.  The ALJ, in so doing, provided specific, clear, and convincing reasons for discounting Plaintiff's symptom testimony.[4]  *See, e.g., Smartt*, 53 F.4th at 498-500 (ALJ properly considers inconsistency between testimony and objective medical evidence); *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (favorable response to conservative treatment undermined reports as to disabling nature of pain); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not

---

[4] The Commissioner argues and Plaintiff rejects the argument that the ALJ also discounted her symptom testimony upon finding it inconsistent with the evidence of her activities.  *See* Dkt. 14 at 4-5, 7; Dkt. 15 at 3.  Because the Court finds the ALJ provided the above-described specific and legitimate reasons for discounting Plaintiff's testimony, it finds no need to address this dispute.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Plaintiff argues the ALJ erred in considering her symptom testimony regarding her fibromyalgia pain and flares, as required by the regulations and Social Security Rulings (SSR) 12-2p and 16-3p, by ignoring abnormal examination findings, inappropriately relying on unrelated examination findings and an absence of "objective" findings, and failing to consider the overwhelming evidence of her pain and frequent flare-ups.  *See, e.g., Payan v. Colvin*, 672 F. App'x 732, 732 (9th Cir. 2016) (unpublished) ("[SSR] 12-2p precludes the ALJ from rejecting alleged functional limitations based solely on a lack of objective medical evidence.") (citing *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (an ALJ errs by "'effectively requir[ing] "objective" evidence for a disease that eludes such measurement'")); SSR 12-2p, 2012 WL 3104869 (stating that, where objective medical evidence does not substantiate a claimant's testimony, the ALJ considers all of the evidence in the record, including, *inter alia*, the claimant's daily activities and medications and other treatments used to alleviate symptoms). She further argues that the ALJ erred in failing to view her reports of pain control and improvement in the context of the broader record, which showed the relief was only partial and fleeting, that she required constant injections and high doses of opiates to keep the pain manageable, and that her increased activity, including physical therapy, caused flares of pain.

The ALJ did not ignore the evidence of Plaintiff's fibromyalgia or improperly reject her symptom testimony based solely on the absence of corroborating objective findings.  *See, e.g., Christine M. v. Kijakazi*, No. C20-1708, 2021 WL 4709722, at *8 (D. Or. Oct. 8, 2021) (distinguishing *Payan*, 672 F. App'x at 732, and other cases in which "a lack of objective medical evidence was either the sole reason or the 'central factor' in discounting" a claimant's

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

subjective testimony).  Nor did the ALJ otherwise improperly assess Plaintiff's testimony as to her fibromyalgia-related symptoms or the impact of her treatment.  The ALJ, instead and as reflected below, properly considered evidence of medical treatment relieving Plaintiff's symptoms and reasonably identified specific inconsistencies between Plaintiff's testimony and the medical record.

The ALJ found Plaintiff's testimony regarding her fibromyalgia pain and frequent flare-ups was not "reflected in the treatment notes, which tend to show good pain control with the combination of medications, injections, and physical therapy."  AR 31.  The ALJ considered that Plaintiff's strength and gait, with rare and short-lived exceptions, were consistently normal, and, more specifically, contrasted her testimony she needed a cane due to her left hip pain every couple of months with evidence showing only two periods in 2020 and 2021 when she was noted to use the cane, the absence of evidence she consistently used a cane while ambulating or needed a cane or another assistive device on most exams, and the fact she denied gait problems and was found to have a normal gait on exam.  AR 31-32 (citations omitted).  The ALJ also specifically contrasted Plaintiff's testimony of limitations in turning, looking down, and reaching as high her shoulder, with evidence showing that, while most exams showed she was tender to palpation, she nevertheless exhibited full ranges of motion of her neck and shoulders.  AR 31-32 (citations omitted).  The ALJ thereafter noted that he considered the fact that both a somatic symptom disorder assessed on one examination and Plaintiff's fibromyalgia "can cause a pain experience without other apparent objective causes[,]" and stated that the degree of pain Plaintiff experiences and functional limitation demonstrated by her perceived pain experience were considered, that the RFC finding was more limited than it would have been without those conditions, and that, despite her "increased perception of pain, her functionality was not

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

consistent with the degree of limitation she asserted, including in terms of gait, range of motion, relief from medication and treatment, and cane use." *Id*.

In sum, Plaintiff does not demonstrate that the ALJ failed to properly consider and evaluate her symptom testimony relating to her fibromyalgia pain and flares. Because the ALJ's interpretation was rational and supported by substantial evidence, it is properly upheld.

**C.      The ALJ Did not Err in Assessing Medical Opinions**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c). The "supportability" factor addresses the relevance of the objective evidence presented in support of an opinion, as well as the "supporting explanations" provided by the medical source. 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The "consistency" factor examines the consistency of the opinion with evidence from other medical and nonmedical sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2). The more consistent an opinion is with that other evidence, the more persuasive it will be. *Id*. An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff asserts the ALJ erred in rejecting the opinions of Kenneth Bakken, D.O., Brent Packer, M.D., and Kacie M. Hamreus, PA. The Court considers these challenges in turn.

1.      *Dr. Bakken*

Plaintiff asserts error in relation to the ALJ's assessment of Dr. Bakken's opinion that she could not lift more than ten pounds for any long period of time, walk further than 200 feet, push, or bend down multiple times during the day, that she was unable to perform basic work activities due to fibromyalgia or to perform the demands of sedentary work, and that these limitations

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

would persist throughout her life. *See* AR 665-56. She also asserts the consistency of these opinions with Dr. Bakken's prior functional assessment that her limitations are permanent and that "not abiding by them risks" the safety of Plaintiff and others. *See* AR 589, 695-97, 750, 1201-03.

The ALJ noted that the record contained opinions generated between the December 2012 DLI and the current, November 2022 protective filing date, including Dr. Bakken's opinions in 2017 and 2018. AR 33. The ALJ found Dr. Bakken's opinions not persuasive because they are "not consistent with the record as a whole addressing the period at issue." AR 33-34. He found the limitations assessed by Dr. Bakken were not supported by his own findings of full range of motion throughout, and were not consistent with Plaintiff's functioning during the period at issue, which began in January 2020. AR 33-34 (citing AR 667-68, 698-99, 721-22).[5] He noted Dr. Deem's only remarkable finding in 2022 was a positive straight leg raise at 45 degrees sitting and 60 degrees supine, which "did not justify the significant limitations Dr. Bakken" assessed. AR 34 (citing AR 1147-52). He also noted that Plaintiff reported she did her own cooking and cleaning, tasks she "surely would be unable to perform" if she were as limited as Dr. Bakken opined in 2017. *Id*. (citing AR 1149). *See also id*. (stating a June 2017 letter in which Dr. Bakken asserted Plaintiff had been unable to work since 2007 did not contain a functional analysis and was a declaration of disability, "which is inherently neither valuable nor persuasive under the regulations.") (citing, *e.g.*, AR 1296; 20 C.F.R. 416.920b(c)(1)).

Plaintiff argues the ALJ erred by relying on Dr. Bakken's findings of "normal" ranges of motion and the objective findings from Dr. Deem's examination. She observes that it is well established that "'normal'" medical results, including normal muscle strength, tone, stability, and

---

[5] Although the ALJ cites to AR 719-20, it is apparent that he intended to cite to AR 721-22.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

range of motion, are "'*perfectly consistent* with debilitating fibromyalgia.'" *Hummel v. Kijakazi*, No. 22-36016, 2023 WL 7318492, at *1-2 (9th Cir. Nov. 7, 2023) (finding error where ALJ found a medical opinion inconsistent with examinations showing normal results) (quoting *Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017)) (emphasis added in *Hummel*). *See also Mary R. v. Comm'r of Soc. Sec.*, No. C20-5961-SKV, 2021 WL 3124518, at *3 (W.D. Wash. July 23, 2021) (finding that, in light of claimant's fibromyalgia, ALJ erred in discounting medical opinion as inconsistent with objective medical evidence of record and pointing to "silent or benign objective clinical signs in related areas like strength, gait, independent ambulation, and alertness"). Plaintiff, finally, points to her 2021 report that she makes only simple meals like sandwiches and frozen meals, does light cleaning like dishes or wiping down counters, that tasks like vacuuming and mopping are too strenuous, and that she requires frequent breaks which makes chores take longer. AR 302.

As Plaintiff observes, the Ninth Circuit has cautioned against relying on objective medical findings to discount fibromyalgia claims. *See Revels*, 874 F.3d at 663 ("[A] person with fibromyalgia may have muscle strength, sensory functions, and reflexes that are normal.") (cleaned up); *Benecke*, 379 F.3d at 594 ("The ALJ erred by effectively requiring objective evidence for a disease that eludes such measurement.") (cleaned up). Accordingly, to the extent the ALJ rejected Dr. Bakken's opinion because it was inconsistent with or not supported by the objective medical findings in the record, that finding does not withstand scrutiny.

The Court, however, finds such error harmless in light of the other reasons offered by the ALJ. First, the ALJ rationally found Dr. Bakken's 2017 and 2018 opinions not consistent with the evidence of Plaintiff's functioning during the period at issue in the decision, which began on January 9, 2020, and which the ALJ found tended to show good control of her pain with

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12

treatment and greater functioning than she alleged.  *See* AR 30-34.  Second, although Plaintiff interprets the evidence differently, the ALJ rationally found inconsistency between the degree of limitation assessed by Dr. Bakken and her reported activities during the period at issue.  *See* AR 1149 ("She does her own cooking, cleaning, dressing, washing.").  *See also* AR 302-04, 309 (reporting, in 2021, that she prepares meals daily, including sandwiches, soups, salads, frozen meals, can do the dishes, wipe down counters, clean the bathroom sink, do her own laundry if she paces herself, feed the cat, clean the litter box, sweep the floor, and straighten her room, but cannot vacuum or mop and needs help changing bedding, that her chores take a while depending on how she feels physically, that she goes outside in her yard every day, shops on line "[s]ince Covid", and enjoys light gardening "such as dead-heading flowers").  The ALJ therefore did not harmfully err in assessing the opinions of Dr. Bakken.

> 2.    *Dr. Packer*

On June 2, 2021, Dr. Packer completed a form for the Washington State Department of Social and Health Services (DSHS).  AR 1245-57.  He assessed marked limitations in postural restrictions and found Plaintiff limited to less than sedentary work.  *Id*.  The ALJ noted that Dr. Packer did not examine Plaintiff or support his ratings with any explanation, and that he reviewed only two records from 2021, and found the opinion inconsistent with the record pertaining to the period at issue.  AR 32.  The ALJ stated that, aside from discrete periods where Plaintiff's gait was affected by hip pain and she required a cane, she had largely unremarkable clinical findings relating to gait and strength, and that the periods where her range of motion were affected were also rare and did not last long.  *Id*.  The ALJ therefore found the ratings unsupported, inconsistent with the record as a whole, and unpersuasive.  *Id*.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 13

Plaintiff asserts that Dr. Packer explained that his opinion was based on Plaintiff's impairments of osteoporosis, fibromyalgia, and chronic pain syndrome. *See* AR 1247. She also asserts that, given her fibromyalgia, the ALJ improperly relied on the unremarkable clinical findings in regard to gait and strength to discount Dr. Packer's opinion.

Dr. Packer identified osteoporosis, fibromyalgia, and chronic pain syndrome as conditions that impaired Plaintiff's work function and rated the severity of those conditions. *See* AR 1246. He did not provide any explanation for his opinions as to postural restrictions and a limitation to less than sedentary work. The ALJ, as such, properly found his opinion unsupported and therefore not persuasive. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020) (ALJ "may take into account the quality of the explanation when determining how much weight to give a medical opinion."); *Molina*, 674 F.3d at 1111 ("The ALJ may permissibly reject check-off reports that do not contain any explanation of the bases of their conclusions.") (cleaned up and quoted sources omitted). Accordingly, and as with Dr. Bakken, any error in the ALJ's consideration of objective findings in relation to Plaintiff's fibromyalgia was harmless. *See generally Woods*, 32 F.4th at 793 n.4 (providing that an ALJ may discount a medical opinion based on inconsistency *or* supportability).

### 3. *PA Hamreus*

PA Hamreus also, on July 18, 2023, completed a DSHS form. AR 1198-1200. She assessed severe limitations in postural and gross or fine motor skills restrictions, marked limitations in the ability to perform activities within a schedule, maintain regular attendance, and be punctual, and found Plaintiff able to perform less than sedentary work. AR 1199.

The ALJ found the opinion of PA Hamreus unsupported and inconsistent with the record during the period at issue, and therefore unpersuasive. AR 34-35. The ALJ noted PA Hamreus

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 14

did not examine Plaintiff, reviewed 2017 records from Dr. Bakken, and sought reports from Plaintiff's current doctors, but those doctors refused to complete physical functional exams, so she "assessed ratings 'as best I can determine from the records.'"  AR 34-35 (quoting AR 1198). In identifying an inconsistency, the ALJ noted the record showed no limitation whatsoever in gross or fine motor skills or significant weakness that would justify those limitations, and noted Plaintiff's reports of good pain control with injections and medications.  AR 35.  The ALJ also noted the absence of any explanations for any of the limitations assessed.  *Id.*  With respect to performing activities within a schedule, maintaining attendance, and being punctual, the ALJ noted the absence of any severe mental impairment during the period at issue that would cause such limitations, and found Plaintiff's pain and other physical symptoms were "not of such a degree as they would cause such limitations."  *Id.*

Plaintiff reiterates her argument as to an improper reliance on the absence of objective findings.  But the ALJ did not point to an absence of objective findings in finding this opinion evidence was not persuasive; the ALJ noted the absence of any record showing any limitation associated with motor skills.  *See* AR 35.  Plaintiff also asserts that the absence of a mental impairment is not sufficient to reject the assessed limitation with respect to a schedule, attendance, and punctuality, when PA Hamreus tied that limitation to fibromyalgia.  However, Plaintiff does not show PA Hamreus did, in fact, tie this assessed limitation to fibromyalgia.  Nor does Plaintiff contest the ALJ's finding that PA Hamreus failed to provide any explanation for any of the opinions she expressed.  The ALJ, accordingly, did not err in finding the opinion of PA Hamreus unpersuasive.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 15

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 16th day of June, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 16